UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GABBANELLI ACCORDIONS & IMPORTS, L.L.C.,** | § § § | |
| Plaintiff, | § § | Case No. _____ |
| v. | § § | |
| **ELPIDIO RENTERIA A/K/A PILO'S ACCORDION SHOP, an individual** | § § § § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Gabbanelli Accordions & Imports, L.L.C., (hereinafter referred to as "Gabbanelli Accordians"), through the undersigned counsel, files this Complaint against Defendant Elpidio Renteria a/k/a Pilo's Accordion Shop, an individual (hereinafter referred to as "Renteria"), and alleges as follows:

### Nature of the Action

1. This is an action for trademark infringement and counterfeiting under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, and 1125(a)), as well as trademark infringement, unfair competition and unjust enrichment under Texas common.

### Jurisdiction and Venue

2. Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1051 *et seq.* (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and § 1338(a) (actions arising under an Act of Congress relating to trademarks). This Court has supplemental jurisdiction over the

1

claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over the Defendant because he conducts business and/or resides in the State of Texas.

4. Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) because at least a substantial part of the events giving rise to the claims in this action occurred within this District.

5. The court has jurisdiction under 15 U.S.C. §§ 1116, 1117, and 1121.

## Parties

6. Plaintiff Gabbanelli Accordions & Imports, L.L.C. is a Texas limited liability company with offices at 4991 West Bellfort, Houston, Texas 77035.

7. Defendant Elpidio Renteria is an individual operating "Pilo's Accordion Shop" under an assumed name at 4736 Meadow Ridge Drive, Dallas, Texas 75236. Defendant may be served with process by serving Elpidio Renteria (or such other authorized person) at that address or wherever else he may be found.

## Factual Background

8. Gabbanelli Accordions was founded over fifty (50) years ago as a family-run accordion manufacturer. Since then, Plaintiff has been engaged in the manufacturing, marketing and sale of high quality accordions and accordion accessories. Plaintiff sells its good throughout the World and via the Internet at www.gabbanelli.com.

9. Due to the high quality and visually stunning designs, Plaintiff's accordions have become very popular. Among the purchasing public, genuine accordions made by the Plaintiff are instantly recognizable as such.

10. Plaintiff owns U.S. Trademark Registration No. 3,314,928 for "GABBANELLI" (hereafter, '928 Mark).

11. Plaintiff owns U.S. Trademark Registration No. 4,391,903 (hereafter, '903 Mark), (reproduced below). The '903 Mark is typically affixed to or incorporated in an accordion grill, which is the decorative cover on an accordion.

**'903 Mark**



12. The '928 Mark and the '903 Mark are collectively referred to the "Plaintiff's Marks."

### Defendant's Unlawful Acts

13. Upon information and belief, Defendant is engaged in manufacturing, repairing, advertising, and promoting products bearing logos and source-identifying indicia that are studied imitations of the Plaintiff's Marks (herein after referred to as the "Infringing Products"). Defendant's specific conduct includes, among other things, the trafficking in counterfeit merchandise of Plaintiff. Specifically, Defendant has repeatedly manufactured, promoted, and advertised, at least, stand-alone accordion grills as accessories and accordions with accordion

grills directly to customers both in person and through the Internet, and by other means. These products include logos and source-identifying indicia that are deceptively similar to the Plaintiff's Marks. Such activities are infringements of Plaintiff's Marks, and are used as an enticement to attract potential customers to the Defendant's business.

14. For example, Plaintiff learned that Defendant engaged in conduct on August 16, 2018 that would confuse and mislead consumers into believing that there was an association between the Plaintiff and the Defendant.

15. Specifically, Defendant owns and/or controls an Instagram account associated with the username "pilosaccordionshop." On information and belief, Defendant uses his Instagram account to advertise the counterfeit goods described in Paragraph 13 above.

16. Plaintiff also learned that Defendant is using the hashtag "#Gabbanelli" on social media in connection with the counterfeit goods he is manufacturing. A true and correct copy of the screenshot demonstrating an example of Defendant's activities, including using the '928 Mark as a hash tag, is attached hereto as Exhibit A.

17. On information and belief, Defendant's intent is to create an association in consumers' minds between Plaintiff and Defendant, due to the success and popularity of the Plaintiff's name and reputation.

18. Defendant has no license, authority, or other permission from Plaintiff to use any of the Plaintiff's Marks in connection with the manufacturing, advertising, or promoting, the Infringing Products.

19. Defendant has been engaging in the above-described illegal counterfeiting and infringing activities negligently and/or knowingly and intentionally, with reckless disregard or willful blindness to Plaintiff's rights, or with bad faith, for the purpose of trading on the goodwill

and reputation of the Plaintiff's Marks and the Plaintiff's accordions (including the accordion grills).

20. Defendant's activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and the Plaintiff.

## CAUSES OF ACTION

### COUNT I
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

21. Plaintiff adopts and incorporates by reference all the allegations set forth above as if fully set forth herein.

22. Defendant, without authorization from the Plaintiff, has used and is continuing to use spurious designations that are identical to, or substantially indistinguishable from, Plaintiff's Marks.

23. The foregoing acts of the Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendant's Infringing Products are genuine or authorized products of the Plaintiff.

24. Upon information and belief, Defendant has acted with knowledge of Plaintiff's ownership of Plaintiff's Marks, and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in Plaintiff's Marks.

25. Defendant's act constitute trademark counterfeiting in violation 15 U.S.C. § 1114.

26. Upon information and belief, Defendant has made and will continue to make profits and/or gains to which he is not in law or equity entitled.

27. Upon information and belief, Defendant intends to continue his infringing acts, unless restrained by this Court.

28. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT II
### (Trademark Infringement, 15 U.S.C. § 1114)

29. Plaintiff adopts and incorporates by reference all the allegations set forth above as if fully set forth herein.

30. Defendant, without authorization from Plaintiff, has used and is continuing to use spurious designations that are confusingly similar to Plaintiff's Marks.

31. The foregoing acts of the Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Plaintiff.

32. Upon information and belief, Defendant has acted with knowledge of Plaintiff's ownership of the Plaintiff's Marks, and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

33. Defendant's acts constitute trademark infringement in violation of 15 U.S.C. § 1114.

34. Upon information and belief, Defendant has made and will continue to make profits and/or gains to which he is not in law or equity entitled.

35. Upon information and belief, Defendant intends to continue his infringing acts, unless restrained by this Court.

36. Defendant's acts have damaged and will continue to damage Gabbanelli, and Gabbanelli has no adequate remedy at law.

## COUNT III
### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

37. Plaintiff adopts and incorporates by reference all the allegations set forth above as if fully set forth herein.

38. Defendant's promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products, together with Defendant's use of the '928 Mark as a hashtag along with Defendant's use of other indicia associated with Plaintiff is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products. Such acts are intended, and are likely to cause such parties to believe in error that the Infringing Products have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendant are in some way affiliated with Plaintiff.

39. The foregoing acts of Defendant constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of 15 U.S.C. § 1125(a).

40. Upon information and belief, Defendant has made and will continue to make profits and/or gains to which he is not in law or equity entitled.

41. Upon information and belief, Defendant intends to continue his infringing acts, unless restrained by this Court.

42. Defendant's acts have damaged and will continue to damage the Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT IV
### (Common Law Trademark Infringement)

44. Plaintiff adopts and incorporates by reference all the allegations set forth above as if fully set forth herein.

45. Plaintiff owns all rights, title, and interest in and to the Plaintiff's Marks, including all common law rights in such marks.

46. Defendant, without authorization from Plaintiff, has used and is continuing to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the Plaintiff's Marks.

47. The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Plaintiff.

48. Upon information and belief, Defendant has acted with knowledge of Plaintiff's ownership of the Plaintiff's Marks (including all common law rights in such marks) and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

49. Defendant's acts constitute trademark infringement in violation of the common law of the State of Texas.

50. Upon information and belief, Defendant has made and will continue to make profits and/or gains to which he is not in law or equity entitled.

51. Upon information and belief, Defendant intends to continue his infringing acts, unless restrained by this Court.

52. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT V
### (Common Law Unfair Competition)

53. Plaintiff adopts and incorporates by reference all the allegations set forth above as if fully set forth herein.

54. The foregoing acts of Defendant constitute unfair competition in violation of Texas common law.

55. Upon information and belief, Defendant has made and will continue to make profits and/or gains to which he is not in law or equity entitled.

56. Upon information and belief, Defendant intends to continue his infringing acts, unless restrained by this Court.

57. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT VI
### (Unjust Enrichment)

58. Plaintiff adopts and incorporates by reference all the allegations set forth above as if fully set forth herein.

59. The acts complained of above constitute unjust enrichment of Defendant at Plaintiff's expense, in violation of Texas common law.

## CONCLUSION

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against the Defendant as follows:

A. Finding that: (i) Defendant has violated 15 U.S.C. § 1114 and 15 U.S.C. § l125(a); (ii) Defendant has engaged in trademark infringement and unfair competition under Texas common law; and (iii) Defendant has been unjustly enriched in violation of Texas common law;

B. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, restraining and enjoining Defendant, and all those persons or entities in active concert or participation with it from:

    i. Advertising or promoting, by any means, including but not limited to personal contact, direct mail, internet websites, Facebook, Instagram, YouTube, Yahoo or other social media, or advertising in any other form, any accordion or other musical instrument or musical instrument accessory bearing, displaying, or advertising (a) the Plaintiff's Marks, or (b) any mark confusingly similar to any of the Plaintiff's Marks, unless such accordion, other musical instrument or musical instrument accessory is obtained by Defendant from Plaintiff and written consent is obtained from Plaintiff;

    ii. Advertising, promoting, representing, offering for sale, or selling any original, repaired or modified accordion or other musical instrument or musical instrument accessory as being sponsored by, associated with, affiliated with, or connected to Plaintiff, whether through the use of the Plaintiff's Marks, any mark confusingly similar to any of the Plaintiff's Marks, or otherwise, unless such accordion, other musical instrument or musical instrument accessory is obtained by Defendant from Plaintiff and written consent is obtained from Plaintiff;

      iii.      Defendant is permanently enjoined from modifying, altering or repairing any accordion, other musical instrument or musical instrument accessory to display, appear to display or incorporate (a) the Plaintiff's Marks, or (b) any mark confusingly similar to any of the Plaintiff's Marks, unless such accordion, other musical instrument or musical instrument accessory is obtained by Defendant and written consent is obtained from Plaintiff; and

      iv.      Defendant is permanently enjoined from teaching, supplying materials to, supporting, receiving materials or producing from or otherwise acting in concert with, any person or entity to commit, perform, affect or achieve any of the activities from which the Defendant is enjoined in preceding Paragraphs i through iii;

    C.    Requiring Defendant to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant have complied with the injunction;

    D.    Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendant, has been authorized by Plaintiff or is related in any way with Plaintiff and/or its products;

    E.    Awarding Plaintiff statutory damages in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or, alternatively, and at Plaintiff's request, ordering Defendant to account to and pay to Plaintiff all profits realized by his wrongful acts and also awarding Plaintiff its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

F. Awarding Plaintiff its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117);

G. Awarding Plaintiff actual and punitive damages to which it is entitled under applicable federal and state laws;

H. Awarding Plaintiff pre-judgment interest on any monetary award made part of the judgment against Defendant; and

I. Awarding Plaintiff such additional and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury in this matter.

Respectfully Submitted,

By: /s/ Aly Z. Dossa
Aly Z. Dossa
State Bar No. 24053180
aly.dossa@chamberlainlaw.com

Jeff C. Wigginton, Jr.
State Bar No. 24057521
jeff.wigginton@chamberlainlaw.com

Chamberlain, Hrdlicka, White, Williams & Aughtry
1200 Smith, Ste. 1400
Houston, Texas 77002
Telephone: (713) 654-9672
Facsimile:  (713) 658-2553

**COUNSEL FOR PLAINTIFF GABBANELLI ACCORDIONS & IMPORTS, L.L.C.**

3006741.v1